THE CITY BANK FARMERS TRUST COMPANY, FORMERLY THE FARMERS' LOAN AND TRUST COMPANY, EXECUTOR, AND DELIA WALKER, EXECUTRIX, OF THE ESTATE OF GEORGE H. WALKER, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31869.   Promulgated June 11, 1931.

*Russell Bradford, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

McMahon: The respondent, in his brief, has admitted that he erred in failing to allow deductions of $13,166.84 for executors' commissions, $5,163.87 for attorneys' fees and an additional amount of $3,808.39 for administration expenses. These amounts will be allowed as deductions from the gross estate.

The first contention of the petitioners is that the respondent erred in including in the gross estate of the decedent the value of 259 shares of Class A stock of Walker & Heisler, Inc., for which certificates were issued in the name of Delia Walker in 1920. At the hearing counsel for both parties agreed that the only issues raised by the pleading on this point were: (1) whether these shares of stock were owned by the decedent at the time of his death, within the meaning of section 302 (a) of the Revenue Act of 1924, and (2) if not, whether the transfer of the stock by the decedent to his wife in 1920 was a transfer intended to take effect in possession or enjoyment at or after decedent's death within the meaning of section 302 (c) of the Revenue Act of 1924.

Sections 302 (a) and 302 (c) of the Revenue Act of 1924 provide:

Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

\*      \*      \*      \*      \*      \*      \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of Part I of this title.

No issue has been raised or evidence presented by the parties as to whether there was a transfer made by decedent in contemplation of death.

It is not clear whether or not Delia Walker ever had actual possession of these certificates. However, her husband told her he was giving her the shares of stock. They were transferred to her name on the books of the corporation, dividends thereon were credited to her and all parties concerned considered that the shares of stock were her property. Her income taxes for at least one year were paid out of the dividends credited to her account and in some instances she drew personally or had bills paid for her out of such credits. She voted the stock in person occasionally and her husband in her absence voted the stock as her proxy. Regardless of whether there was actual physical delivery of the certificates, it is clear that there was a complete gift. There was present an intention on the part of the donor to make a gift, to take effect immediately, the knowledge and acceptance thereof by the donee and the stock was transferred to the donee's name on the corporate books. See *Estate of James F. Foster*, 13 B. T. A. 496. Since this was a complete gift, it is not taxable under the provisions of section 302 (a). From the evidence we are also satisfied that the transfer was not intended to take effect in possession or enjoyment at or after decedent's death. Since the transfer was made more than two years prior to decedent's death there is no statutory presumption that it was made in contemplation of death. We, therefore, hold that respondent erred in including the 259 shares of Walker & Heisler, Inc., stock in decedent's gross estate.

The respondent also included in the gross estate of the decedent, at a value of $192 per share, 2,241 shares of stock of Walker & Heisler, Inc., which the decedent owned at the date of his death. Section 302 of the Revenue Act of 1924 provides that there shall be included in gross estate the "value" at the time of the death of decedent of all property, real or personal, etc. The petitioners contend that since the contract of December 31, 1920, restricted the sale of

this stock by requiring that it should first be offered to the other stockholders at its book value without taking into consideration any good will, it had no higher value than that fixed by the contract. The contract provided that any stockholder desiring to sell his stock should first offer it for sale to the other stockholders, but, if after sixty days none of the other stockholders wished to purchase it, he could then offer the stock to outsiders. It is apparent, however, that the stock must have had a value in excess of the book value. The company had been in business since 1907, first as a partnership and then as a corporation. It had made substantial earnings and had a good will of a considerable value. Although the parties can restrict the sale price of the stock as between themselves they can not, by such a contract, restrict the right of the Government to collect taxes upon the actual value of the stock.

The evidence discloses that there were no sales of this stock prior to the death of the decedent and there is no evidence to show that there were any sales soon after his death. Upon the entire record we must hold that the petitioner has introduced insufficient evidence to overcome the presumption of the correctness of the respondent's determination of a value of $192 per share for the stock, and the respondent's determination is therefore approved. *Estate of Marcus D. Fairchild*, 9 B. T. A. 416.

As to the joint bank account, it has been stipulated by the parties that the amount of the deposit therein at the time of decedent's death was $2,688.33. The respondent has included the entire amount in gross income, and petitioner contends that no part of such amount should be so included. Section 302 (e) of the Revene Act of 1924 provides that there shall be included in gross estate the value of all property:

\*       \*       \*       \*       \*       \*       \*

To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth;  \*   \*   \*

There is no evidence as to whether any part of the money in this account originally belonged to the wife. We must, therefore, hold that the respondent did not err in including the entire amount thereof in the gross estate of the decedent.

Upon the redetermination under Rule 50, proper credit will be allowed the petitioner under the provisions of section 301 (b) of the Revenue Act of 1924 for State inheritance taxes paid by the estate.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*